IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAWTON WATKINS,<br><br>       Plaintiff,<br><br>    vs.<br><br>S. OJEDA, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:10-cv-02263 JLT (PC)<br><br>ORDER DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed December 6, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to screen a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE COMPLAINT

Plaintiff identifies Correctional Officers Ojeda, Murrells, Vendenoffs, and Rivas as defendants to this action. Plaintiff alleges as follows:

> Dealing with my grievance to the court as well as my writ to proceed with just cause, I have a complaint that sustained my opening arguement [sic] as to the close costody [sic] survelience [sic] not being able to intercept my conversations with other inmates and due to animosity as far as issue's [sic] dealing with the surroundings at this reception [center]. I don't have to tollerate [sic] any type of harrassment [sic] due to race, creed, or religion and [once] again I stipulate that I was assessed maximum penity [sic] in court due to the foregoing that I'm a youth black and not up under a submissive organization where I can be venus fly trapped! The law wasn't able to do it with in my walk of life so the state of corrections choose to act out color of law within the grounds of Delano State Prison! I'm stressed for freedom of choice and choose to exercise my constitutional amendment by addressing my constitutional rights to [personal] happiness.

(Compl. at 1-3.)

## III.  DISCUSSION

As noted above, to plead a cognizable § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal or constitutional right, and (2) the person who deprived plaintiff of that right acted under color of state law. West, 487 U.S. at 48. In this case, the complaint is utterly incoherent. As such, the Court is unable to glean any facts that affirmatively link the actions of Defendants to any violation of Plaintiff's federal or constitutional rights. The complaint therefore fails to state a cognizable § 1983 claim.[1]

---

[1] The complaint also appears to be duplicative. In a separate case also pending before this Court, Watkins v. Murrells, Case No. 1:10-cv-02290-JLT, Plaintiff initiated a § 1983 action against the same defendants and, as far as the Court can discern, makes similar allegations. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (a court may take judicial notice of its records). Therefore, the complaint in this case should also be dismissed due to its duplicative nature.

1  The Court declines to provide Plaintiff with leave to amend. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, the complaint wholly lacks merit. Accordingly, the Court will dismiss this action at this time for Plaintiff's failure to state a cognizable § 1983 claim.

**IV.  CONCLUSION**

For the reasons set forth above, it is HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a cognizable claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:  **January 3, 2011**                               /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE